## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No.

GREGORY SAUL and
TAMMY TUCKER SAUL

    Plaintiffs,

v.

ECOLAB INC.

    Defendant.

## DEFENDANT ECOLAB INC.'S
## NOTICE OF REMOVAL OF ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Ecolab Inc. ("Ecolab"), by and through its attorneys, Lewis Brisbois Bisgaard & Smith LLP, hereby files this Notice of Removal of the action commenced in Denver County District Court captioned *Gregory Saul and Tammy Tucker Saul v. Ecolab Inc.*, Denver County, Colorado District Court, Case No. 2021CV31068 (the "State Court Action"). In support thereof, Defendant Ecolab states as follows:

    1.    On May 27, 2021, Plaintiffs Gregory Saul and Tammy Tucker Saul ("Plaintiffs") filed their Amended Complaint in the State Court Action alleging causes of action for Strict Product Liability, Negligence, and Loss of Consortium. *See* **Exhibit A,** Amended Complaint. Plaintiffs' Civil Case Cover Sheet indicates that Plaintiffs seek a monetary judgment over

$100,000. **Exhibit B.** The Amended Complaint was served on The CT Corporation System in Centennial, Colorado on May 28, 2021 as the registered agent of Ecolab. **Exhibit C**.

2.  This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship between Plaintiffs and Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3.  Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because it embraces the Denver County, Colorado District Court, where the removed action has been pending.

4.  Ecolab timely files this Notice of Removal pursuant to 28 U.S.C. § 1446(3). This Notice of Removal is timely filed on June 23, 2021, within the 30-day period after service on Ecolab's Registered Agent on May 28, 2021.

### DIVERSITY OF CITIZENSHIP

5.  For the purposes of diversity jurisdiction, a party's "citizenship has the same meaning as domicile." *Walden v. Broce Const. Co.,* 357 F.2d 242, 245 (10th Cir. 1966); *Veranda Assocs., L.P. v. Hooper*, 496 F. App'x 455, 457 (5th Cir. 2012). While "residenc[y] alone is not the equivalent of citizenship, . . . the place of residence is *prima facie* the domicile." *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

6.  Plaintiffs are domiciled in Colorado. Plaintiffs' Amended Complaint states that they are residents of Peyton, Colorado. Ex. A, Compl. ¶ 1. The Amended Complaint identifies Plaintiffs' residence as 12374 Pine Valley Circle, Peyton, Colorado 80831. Amended Complaint at p. 11. The Amended Complaint alleges that Plaintiff Gregory Saul was "employed by a company called Crossmark … to clean and disinfect the juicing machine at Sam's West, Inc. dba

Sam's Club in Colorado Springs, Colorado." Amended Complaint at ¶ 4. Additionally, Plaintiffs' publicly available voting records show that each of Plaintiffs are registered to vote in Colorado. *See* **Exhibit D**, Colorado Secretary of State Registered Voter Information. Plaintiffs' voting records identify the same address identified in the Amended Complaint. Courts may consult various factors when ascertaining a party's domicile, including the party's current residence; voter registration and voting practices; and place of employment. *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *see also Daei v. Country Mut. Ins. Co.*, Civil Action No. 19-cv-00453-PAB, 2019 U.S. Dist. LEXIS 64491, at *2 (D. Colo. Apr. 15, 2019) (J. Brimmer); *Dumas v. Warner Literary Grp., Ltd. Liab. Co.*, Civil Action No. 16-cv-00518-RM-NYW, 2016 WL 10879185, 2016 U.S. Dist. LEXIS 195321, at *4 (D. Colo. Apr. 29, 2016) (Mag. J. Wang).

7. Defendant Ecolab is a Delaware corporation. **Exhibit E**, Delaware Secretary of State Certificate. Defendant Ecolab's principal place of business is at 1 Ecolab Place, Saint Paul, Minnesota 55102. **Exhibit F**, Minnesota Secretary of State Certificate for Defendant Ecolab Inc.; **Exhibit G**, Colorado Secretary of State Information for Ecolab Inc. For diversity purposes, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). The Supreme Court holds that the principal place of business is the corporation's "nerve center" which "is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. . . . And in practice it should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *see also Grynberg v. Kinder Morgan Energy, Ltd. P'ship*, 805 F.3d 901, 905 (10th Cir. 2015) ("For diversity, a corporation is a citizen of its state

of incorporation and the state where its principal place of business is located."). Thus, for diversity jurisdiction purposes, Defendant Ecolab is a citizen of Delaware and Minnesota.

8. Based on the foregoing, there is complete diversity between Plaintiffs and Defendant Ecolab parties within the meaning of 28 U.S.C. § 1332. *See Exxon Mobile Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 553 (2005) (requiring complete diversity).

## AMOUNT IN CONTROVERSY

9. Plaintiffs' Amended Complaint alleges Defendant is liable for Plaintiffs' injuries allegedly resulting from contact with an unspecified product. *See* Amended Complaint at ¶¶ 26-32, 43-49, and 52. Plaintiffs alleged injuries include "third degree burns that required skin grafting surgery" and "lung damage…" *See* Amended Complaint at ¶ 8.

10. While Plaintiffs' Amended Complaint does not allege a specific dollar amount of damages, Plaintiffs' Civil Case Cover Sheet indicates Plaintiffs seek a monetary judgment over $100,000. "The Tenth Circuit has held that a Colorado civil cover sheet is adequate notice of the amount in controversy sought by plaintiff." *See Stazick v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. 18-cv-03357-PAB, 2019 U.S. Dist. LEXIS 20824, at *2-3 (D. Colo. Feb. 8, 2019) *citing Paros Props. LLC v. Colo. Casualty Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016).

11. Removal is proper if it is more likely than not that the claim exceeds $75,000. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (proponent of federal jurisdiction must prove jurisdictional facts by a preponderance of the evidence). However, a defendant may rely on an estimate of the potential damages from the allegations in the complaint. A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id*.

12. In this case, the nature of Plaintiff's alleged injuries in conjunction with the amount alleged within the Civil Case Cover Sheet is evidence that the Amended Complaint asserts claims in excess of the $75,000 jurisdictional minimum for diversity jurisdiction. 28 U.S.C. § 1332(a)(2); *see also Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1291 n.4 (10th Cir. 2001) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995) (determination of amount in controversy required by 28 U.S.C. § 1332 is satisfied by examining the complaint, or, if damages are not expressly quantified therein, by examining the Notice of removal).

## COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS

13. Pursuant to 28 U.S.C. § 1446(a) and D.C.COLO.LCivR 81.1(b), all papers, pleadings and indexes that have been filed or served in the State Court Action are filed with this Court as **Exhibit H**. To the best of Defendant's knowledge, no further proceedings, process, pleadings, orders, or other papers have been filed or served in the State Court Action.

14. Defendant Ecolab will serve a copy of this Notice of Removal on Plaintiffs' counsel and will file a copy with the Denver County District Court, as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing Notice of Removal to be filed with the Denver County District Court and served upon Plaintiffs' counsel is attached hereto as **Exhibit I**.

15. If any question arises as to the propriety of the removal of this action, Defendant Ecolab requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, Defendant Ecolab Inc. respectfully requests that the filing of this Notice of Removal shall effect the removal of this case to the United State District Court for the District of Colorado.

Dated: June 23, 2021             By: *s/ Ryan C. Gill*
                                         Ryan C. Gill
                                         Victoria B. Hambley
                                         LEWIS BRISBOIS BISGAARD & SMITH LLP
                                         1700 Street, Suite 4000
                                         Denver, Colorado 80203
                                         Telephone: 303.861.7760
                                         Email:    Ryan.Gill@lewisbrisbois.com
                                                   Victoria.Hambley@lewisbrisbois.com
                                         *Attorneys for Defendant Ecolab Inc.*

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June, 2021, I presented the foregoing **DEFENDANT'S NOTICE OF REMOVAL OF ACTION** to the Clerk of the Court for filing and uploading to the CM/ECF system and via email and U.S. mail to counsel as follows:

Sam Cannon, # 46132
Joanna M. Frederick, # 52931
Edith Jordan # 55305
The Law Office of Sam Cannon
320 Maple St., # 115,
Fort Collins, CO 80521
Tel: (970) 471-7170
Fax: (970) 360-2684
sam@cannonlaw.com
joanna@cannonlaw.com
edith@cannonlaw.com

Thomas S. Alch
David Shoop
Shoop │ APLC
9701 Wilshire Blvd., Suite 950
Beverly Hills, CA 90212
Phone: (310) 620-9533
Fax: (310) 620-6330

David Bricker
Evan R. Hoffman
Thornton Law Firm, LLP
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Phone: (310) 282-8676
Fax: (310) 388-5316

*Attorneys for Plaintiffs Gregory Saul and Tammy Tucker Saul*

              *s/ Holly Campbell*
              Lewis Brisbois Bisgaard & Smith LLP