# Exhibit A

| | |
|---|---|
| **DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO**<br>Court Address: 1437 Bannock St.<br>            Denver, CO 80202<br>Phone No.:      720-865-8612 | DATE FILED: May 27, 2021 6:58 PM<br>FILING ID: EA450A62F1A3B<br>CASE NUMBER: 2021CV31068 |
| **PLAINTIFFS:** GREGORY SAUL and TAMMY TUCKER SAUL<br><br>v.<br><br>**DEFENDANTS:** ECOLAB INC. | |
| | ▲**COURT USE ONLY**▲ |
| David R. Shoop<br>Thomas S. Alch<br>Shoop │ APLC<br>9701 Wilshire Blvd., Suite 950<br>Beverly Hills, CA 90212<br>Phone: (310) 620-9533<br>Fax: (310) 620-6330<br>*(Pro Hac Vice Applications Pending)*<br><br>Evan R. Hoffman<br>Thornton Law Firm, LLP<br>9595 Wilshire Boulevard, Suite 900<br>Beverly Hills, CA 90212<br>Phone: (310) 282-8676<br>Fax: (310) 388-5316<br>*(Pro Hac Vice Applications Pending)*<br><br>Sam Cannon, # 46132<br>Joanna M. Frederick, # 52931<br>Edith Jordan # 55305<br>*Attorneys for Plaintiffs*<br>The Law Office of Sam Cannon<br>320 Maple St., # 115,<br>Fort Collins, CO 80521<br>Tel: (970) 471-7170<br>Fax: (970) 360-2684<br>sam@cannonlaw.com<br>joanna@cannonlaw.com<br>edith@cannonlaw.com | Case No.: 2021CV31068<br><br>Div.:203 |
| **AMENDED COMPLAINT AND JURY DEMAND** | |

1

PLAINTIFFS, GREGORY SAUL and TAMMY TUCKER SAUL, through counsel, submit the following Amended Complaint and Jury Demand:

**GENERAL ALLEGATIONS**

1. Plaintiffs Gregory Saul and Tammy Tucker Saul (collectively referred to as "Plaintiffs") are residents of Peyton, Colorado in the County of El Paso, Colorado.

2. At all times pertinent to this action, Defendant Ecolab Inc. (Ecolab) was a non-resident-foreign corporation formed in Delaware authorized to do business in the State of Colorado, with a principal place of business in St. Paul, Minnesota. Ecolab Inc. may be served in Colorado at CT Corporation System, 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112.

3. Since Ecolab is a non-resident of Colorado and conduct business throughout the State of Colorado, any county designated by Plaintiffs is proper for venue pursuant to C.R.C.P. 98(c). Plaintiffs designate the District Court of the County of Denver, Colorado for venue.

4. Gregory Saul (Plaintiff Gregory Saul or Mr. Saul) was employed by a company called Crossmark, which was upon information and belief was requested by Sam's West dba Sam's Club to clean and disinfect the juicing machine at Sam's West, Inc. dba Sam's Club in Colorado Springs, Colorado. Mr. Saul was not an employee of Sam's West, Inc. dba Sam's Club.

5. Ecolab Inc. provided Sam's Club with a cleaning product ("Subject Product") that was used to clean the orange juicing machine. Ecolab conducted monthly audits of the store and provided product and maintenance support.

6. On April 4, 2019, during an Ecolab Inc. audit, the Ecolab Inc. technician informed Mr. Saul that two (2) cases of the Subject Product were expired and needed to be discarded. The Ecolab Inc. technician instructed Mr. Saul to pour the Subject Product down the drain.

7. Mr. Saul then proceeded to cut open one of the boxes containing the Subject Product. The fumes emanating from the box were so toxic smelling that Mr. Saul was unable to breath. Mr. Saul placed the boxes containing the Subject Product into trash bag(s) to quickly transport them from the room and discard them.

8.       As Mr. Saul was carrying the trash bag(s), the Subject Product flowed from the bags over Mr. Saul's left leg causing third degree burns that required skin grafting surgery.  Mr. Saul also sustained lung damage as a result of this contact with the Subject Product.

9.       Ecolab failed to provide instructions for the maintenance, handling and/or disposal of the Subject Product. Following the injury to Mr. Saul, said Defendant also failed to post the Safety Data Sheet for the Subject Product setting forth the specific instructions to dispose of the product.

## First Claim for Relief Against Ecolab Inc.

### (Strict Product Liability)

10.      Plaintiffs incorporate in this the First Claim for Relief all the allegations as fully set forth herein.

11.      Ecolab is a product manufacturer and seller within the meaning of the Colorado Product Liability Act, C.R.S. §13-21-401 et seq.

12.      Ecolab manufactured, distributed and/or sold the Subject Product that caused severe and extensive injuries to Mr. Saul.  The Subject Product that was the source of Mr. Saul's injuries is a product within the meaning of the Act.

13.      Ecolab knew and intended that the Subject Product would be used without inspection for defects therein or in any of its ingredients, including but not limited to chemicals, and without knowledge of the hazards involved in such use.

14.      Plaintiffs are informed and believe, and thereupon allege, that at all times herein mentioned, that Ecolab was engaged in the business of, amongst other things, formulating, researching, developing, manufacturing, fabricating, designing, producing, creating, modifying, labeling, assembling, testing, distributing, leasing, buying, selling, supplying, inspecting, servicing, repairing, marketing, promoting, warranting, re-branding, manufacturing for others, packaging, providing use instructions and warnings for and advertising the Subject Product referenced hereinabove and, as such, are strictly liable in tort for the defects and deficiencies herein discussed which caused injury to Plaintiff Gregory Saul as alleged herein.

15.     Plaintiffs are informed and believes, and thereon allege, that at all times herein mentioned, the Subject Product was defective and dangerous, both in warning, manufacture and in design, thereby rendering the subject substance unsafe for its intended use, maintenance and handling and that the defects were a direct and proximate cause of injury to Plaintiff Gregory Saul herein.

16.     The product defect existed in the Subject Product at the time it left the possession of the Ecolab. Said product did, in fact, cause personal injuries, including those described to Plaintiff Gregory Saul herein while being used in a reasonably foreseeable manner, thereby rendering the same defective, unsafe, and dangerous for its intended use.

17.     At all times mentioned herein, the Subject Product failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, and/or the risk of danger inherent in its design outweighed the benefits of said substance and products.

18.     At all times mentioned herein, the foreseeable use of the Subject Product involved a substantial danger not readily recognizable to an ordinary user, consumer, or bystander, including Plaintiff Gregory Saul herein, but which danger was known or knowable to Ecolab, who failed to adequately warn and provide appropriate and sufficient use instructions regarding the Subject Product.  Ecolab knew or should have known about the serious defects and risks associated with the Subject Product prior to the time Plaintiff Gregory Saul was severely injured by the Subject Product, including the actual level of risk and failure to communicate adverse events similar to the injuries suffered by Plaintiff Gregory Saul.

19.     At the times and places mentioned herein, Ecolab, knew or should have known at the time said Subject Product left Ecolab's possession, that said product was defective in design, warning and manufacture, that it did not meet users' and ordinary consumers' reasonable expectations for safety when used in a reasonable foreseeable manner, and was dangerous, defective, unfit and unsafe for its intended use and that said condition was likely to fail catastrophically as described at length hereinabove, when used and handled in a foreseeable manner, and not properly and adequately tested or inspected.

20. Plaintiffs are informed and believe, and upon such information and belief allege that, the Subject Product had associated deficits, risks and defects, its lack of sufficient warnings and/or use instructions, and those additional items enumerated herein above

21. These associated deficits, risks and defects were known or knowable by Ecolab via the use and employ of scientific knowledge available at the time of design, manufacture, testing and distribution of the Subject Product.

22. Plaintiffs herein allege that the associated risks, deficits, and defects of the Subject Product presented a substantial danger to users of the product and that ordinary consumers would not have recognized or otherwise anticipated these associated risks.

23. Ecolab further failed to warn of the potential risks and hazards associated with the Subject Product when used in a way that was reasonably foreseeable to Ecolab. Any warnings provided were inadequate, defective and inappropriate. Moreover, this lack of sufficient use instructions and/or warnings was a substantial factor in causing Plaintiff Gregory Saul's injuries and damages.

24. At the times and places mentioned herein, Ecolab knew or should have known at the time the Subject Product left Ecolab's possession, that said product was defective in its warnings, design and manufacture, likely to perform unsafely in a manner unanticipated by a prudent user, and having such knowledge, Ecolab, should have used reasonable care to warn, or give adequate use instructions and warning of the Subject Product's defects and deficits in design and characteristics.

25. At all times and places mentioned herein, Ecolab failed to use reasonable care to warn, give adequate use instructions or warnings to provide facts describing the Subject Product's dangerous propensities to those whom they could expect to use the product or be endangered by its handling, and such deficits and defects as illustrated hereinabove were a substantial factor in causing Plaintiff Gregory Saul's harm. The foreseeable risks of catastrophic failure associated with the ingredients, mixture and chemicals contained in the Subject Product outweigh the benefits associated with the Subject Product.

26. As a direct and proximate result of the conduct of Ecolab, Plaintiff Gregory Saul was severely injured as described herein and suffered severe and permanent physical and emotional injuries as set forth herein.

27.     As a direct and proximate result of the aforesaid conduct of Ecolab, Plaintiff Gregory Saul has suffered permanent injuries to his person, body and health, all to his general damage in an amount in excess of the minimum jurisdictional limits of the above-entitled court.

28.     As a direct and proximate result of the aforesaid conduct of Ecolab, Plaintiffs have incurred liability for physicians, surgeons, nurses, hospital care, medicine, hospitals, surgeries, and other medical treatment. The true and exact amount of Plaintiff Gregory Saul's medical expenses is currently unknown to Plaintiffs and Plaintiffs pray leave to amend this Complaint accordingly when the true and exact amount thereof is ascertained.

29.     As a further direct and proximate result of the conduct of Ecolab, Plaintiff Gregory Saul will be required to and will seek additional future medical care and assistance for treatment of his injuries and will thereby incur additional medical and other related expenses for care of his injuries. The true and exact amount of his future medical expenses is unknown to Plaintiffs at this time and Plaintiffs pray leave to amend this Complaint accordingly when the true and exact amount thereof is ascertained.

30.     As a further direct and proximate result of the conduct of Ecolab, Plaintiff Gregory Saul was rendered sore, disabled, and disordered, both internally and externally and suffered, among other things, permanent burn injuries, the need for skin grafting surgery, lung damage, emotional distress, pain, discomfort, and anxiety. The exact nature and extent of said injuries are not known to Plaintiffs, who will pray for leave of the Court to insert the same when they are ascertained. Plaintiffs do not at this time know the exact duration or permanence of said injuries, but are informed and believe, and thereon allege, that some of the said injuries are reasonably certain to be permanent in character.

31.     Prior to the occurrence of this incident, Plaintiff Gregory Saul was an able-bodied individual, but since said accident Plaintiff Gregory Saul is informed and believes, and thereon alleges, that he will be permanently incapacitated to a significant extent and unable to perform certain types of work activities and other activities related to his career, all to Plaintiff Gregory Saul's damages in an amount which is at present unascertained. Plaintiffs will pray leave of Court to show the total amount of loss of earnings capacity at the time of trial.

32. Because Ecolab manufactured and sold the defective and dangerous Subject Product, which was the source of the Plaintiff Gregory Saul's injuries and losses, Ecolab is strictly liable to the Plaintiffs for the harm caused by the Subject Product.

## Second Claim for Relief Against Ecolab Inc.

### (Negligence)

33. Plaintiffs incorporate by reference all prior paragraphs of this Complaint as though fully set forth herein.

34. At all times herein mentioned, Ecolab, was and is engaged in the business of formulating, researching, developing, manufacturing, fabricating, designing, producing, creating, modifying, labeling, assembling, testing, distributing, leasing, buying, selling, supplying, inspecting, servicing, repairing, marketing, promoting, warranting, re-branding, manufacturing for others, packaging, providing use instructions and warnings for and advertising the Subject Product.

35. Ecolab had a duty to exercise due care in formulating, researching, developing, manufacturing, fabricating, designing, producing, creating, modifying, labeling, assembling, testing, distributing, leasing, buying, selling, supplying, inspecting, servicing, repairing, marketing, promoting, warranting, re-branding, manufacturing for others, packaging, providing use instructions and warnings for and advertising the Subject Product, and Defendant Ecolab breached said duty of due care.

36. At all times herein mentioned, Ecolab was negligent and careless in formulating, researching, developing, manufacturing, fabricating, designing, producing, creating, modifying, labeling, assembling, testing, distributing, leasing, buying, selling, supplying, inspecting, servicing, repairing, marketing, promoting, warranting, re-branding, manufacturing for others, packaging, providing use instructions and warnings for and advertising the Subject Product such that the Subject Product caused personal injuries to Plaintiff Gregory Saul herein, while being handled in a manner that was reasonably foreseeable, thereby rendering the Subject Product unsafe and dangerous for its intended and described usage.

37. Ecolab knew, or in the exercise of due care should have known, that the failure to exercise due care in the formulating, researching, developing, manufacturing, fabricating, designing,

producing, creating, modifying, labeling, assembling, testing, distributing, leasing, buying, selling, supplying, inspecting, servicing, repairing, marketing, promoting, warranting, re-branding, manufacturing for others, packaging, providing use instructions and warnings for and advertising the Subject Product would cause, or would foreseeably result in, harm to intended and foreseeable users and bystanders including Plaintiff Gregory Saul herein.

38. Specifically, and without limitation, Ecolab was negligent in the formulating, researching, developing, manufacturing, fabricating, designing, producing, creating, modifying, labeling, assembling, testing, distributing, leasing, buying, selling, supplying, inspecting, servicing, repairing, marketing, promoting, warranting, re-branding, manufacturing for others, packaging, providing use instructions and warnings for and advertising the Subject Product in that they failed to ensure that the Subject Product would be handled, transported and disposed of safely and without harm to Plaintiff Gregory Saul and Ecolab further failed to provide sufficient warnings and use instructions that would have served to prevent the subject injuries and damages above-described.

39. A manufacturer/seller/distributor of a product is under a duty to exercise reasonable care in its design and creation so that it can be safely used and handled as intended by its buyer/consumer. This duty extends to all persons within the range of potential danger. At all times and places mentioned herein, Ecolab, and each of them, owed a duty to Plaintiff Gregory Saul to exercise reasonable care in its design and testing and instruction so that the Subject Product could be safely used, transported and disposed of as intended. Defendant Ecolab were engaged in the business of designing, manufacturing, testing, warning, instructing, assembling, distributing, selling and otherwise placing into the stream of commerce, the Subject Product, for sale, use and handling by members of the general public, and as such Defendant Ecolab, owed the general public and Plaintiff Gregory Saul a duty to produce, design, test, manufacture, create, assemble, distribute, sell and otherwise place into the stream of commerce products that are safe in their intended and foreseeable use and free from defect.

40. That at all times mentioned herein, Ecolab, and each of them, engaged in the business of designing, manufacturing, assembling, testing, inspecting, distributing, promoting, warning, instructing, and selling for cleaning certain products, including the Subject Product, which were sold with knowledge that same would be purchased and used and handled without inspection of defects.

8

41. At all times and places mentioned herein, Ecolab was engaged in the business of designing, marketing, testing, instructing and otherwise placing into the stream of commerce the cleaning product for sale, use and handling by members of the general public, and as such Ecolab, owed the general public a duty to design, market, promote and otherwise place into the stream of commerce products that are safe in their intended and foreseeable use.

42. At all times and places mentioned herein, Ecolab negligently produced, manufactured, assembled, designed, tested, warned, instructed, distributed, marketed and sold the Subject Product in a defective and dangerous condition as described at length, hereinabove.

43. Ecolab, breached its duty to the public and Plaintiff Gregory Saul by failing to design, assemble, test, manufacture, provide sufficient warnings and use instructions for, the Subject Product so as to avoid its unsafe and hazardous operational and handling characteristics and safety defects, amongst others.

44. As a direct and proximate result of the negligence of Ecolab, as set forth above, Plaintiff Gregory Saul was severely burned as above described and suffered severe and permanent physical and emotional injuries, including damages to his lungs.

45. As a direct and proximate result of the aforesaid conduct of Ecolab, Plaintiff Gregory Saul has suffered permanent injuries to his person, body and health, all to his general damage in an amount in excess of the minimum jurisdictional limits of the above-entitled court.

46. As a direct and proximate result of the aforesaid conduct of Ecolab, Plaintiff has incurred liability for physicians, surgeons, nurses, hospital care, medicine, hospices, X-rays, surgery and other medical treatment. The true and exact amount of his medical expenses is currently unknown to Plaintiffs and Plaintiffs pray leave to amend this Complaint accordingly when the true and exact amount thereof is ascertained.

47. As a further direct and proximate result of the negligence of Ecolab, Plaintiff Gregory Saul will be required to and will seek additional future medical care and surgeries for treatment of his injuries and will thereby incur additional medical and other related expenses for care of his injuries. The true and exact amount of his future medical expenses is unknown to Plaintiff at this time and

Plaintiff prays leave to amend this Complaint accordingly when the true and exact amount thereof is ascertained.

48.     As a further direct and proximate result of the negligence of Ecolab, Plaintiff was rendered sore, disabled, and disordered, both internally and externally and suffered, among other things, third degree burn injuries and skin grafting surgery, damage to his lungs, emotional distress, pain, discomfort, and anxiety. The exact nature and extent of said injuries are not known to the Plaintiff, who will pray for leave of the Court to insert the same when they are ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

49.     Prior to the occurrence of this accident, Plaintiff Gregory Saul was an able-bodied individual, but since said accident Plaintiff is informed and believes, and thereon alleges, that he will be permanently incapacitated to a significant extent and unable to perform certain types of work activities and other activities, all to Plaintiffs damages in an amount which is at present unascertained. Plaintiffs will pray leave of Court to show the total amount of his loss of earnings capacity at the time of trial.

## Third Claim for Relief Against Ecolab Inc.

### (Loss of Consortium)

50.     Plaintiffs incorporate by reference all prior paragraphs of this Complaint as though fully set forth herein.

51.     At all times mentioned, Tammy Tucker Saul and Gregory Saul, were married and are wife and husband.

52.     As a direct and proximate result of the aforementioned conduct of Ecolab, and the resultant injuries to Plaintiff, Gregory Saul, Plaintiff, Tammy Tucker Saul, has suffered and is reasonably certain to suffer in the future, the loss of love, comfort, companionship, affection, society, solace, moral support, and physical assistance in the operation and maintenance of the home, causing damages to be proven at the time of trial.

WHEREFORE, Plaintiffs request that judgment be entered in favor of Plaintiffs and against Defendants, in an amount to fairly and reasonably compensate Plaintiffs for Plaintiffs' injuries, damages, and losses as set forth above; for court costs; for expert witness fees; for statutory interest from the date the causes of action accrued or as otherwise permitted under Colorado law; and for such other and further relief as this Court deems just and proper.

Dated this 27th day of May, 2021.

PLAINTIFFS DEMAND A TRIAL BY JURY OF SIX

*Cannon Law*
Original with signatures on file at the office of Cannon Law

By: */s/ Joanna M. Frederick*
    Joanna M. Frederick

Plaintiffs' Address:

Gregory Saul and Tammy Tucker Saul
12374 Pine Valley Circle
Peyton, Colorado 80831

11